## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| NEDRA WILLIAMS, | § | |
| Plaintiffs | § | |
| | § | CIVIL ACTION NO. _____ |
| vs. | § | |
| | § | |
| SYNERGETIC COMMUNICATION | § | |
| INC., d/b/a/ SYNCOM , | § | |
| Defendant | § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW**   Nedra  Williams,  hereinafter  referred  to  as  Plaintiff complaining  against  Synergetic  Communication,  Inc.  d/b/a  Syncom,  hereinafter referred to as Defendant and for cause of action would respectfully show unto the Court as follows:

## NATURE OF THE ACTION AND JURISDICTION

1.    This  is  an  action  for  damages  brought  by  an  individual  Plaintiff  for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Chapter 392  (hereinafter  "TDCPA")  and  the  Texas  Business  and  Commerce  Code, Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff seeks to recover

monetary damages for Defendant's violation of the FDCPA, the TDCPA and the DTPA and to have an Order or injunction issued by this Court preventing Defendant from continuing its behavior in violation of the FDCPA. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 and venue is proper before this Court as Plaintiff and/or Defendant reside in this District and/or the complained of actions occurred in this District. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

2.      Plaintiff, Nedra Williams, is a natural person and "consumer" as defined by 15 U.S.C. §1692(a)(3), the Texas Deceptive Trade Practices Act §17.45(4) and Texas Finance Code §392.001(1).

3.      Defendant, Synergetic Communication, Inc. d/b/a Syncom, is a domestic corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. §1692(a)(5) and Texas Finance Code §392.001(2).

## FIRST COUNT
## FDCPA VIOLATIONS

4.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this Complaint, Defendant

contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.  Some time in the preceding 12 months, Defendant told Plaintiff that a "judgment is pending," where a lawsuit had not been filed (§ 1692e(10));

b) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to file a lawsuit against Plaintiff repeatedly for several months without doing so, thereby evidencing a lack of intent to take such action (§ 1692e(5));

c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.  In or around January, 2009, Plaintiff complained in a telephone call about Defendant's excessive call frequency.  To that, Defendant stated: "I can call you whenever I want as long as you owe the money."  This is a false statement because the FDCPA restricts the frequency of dunning calls (§ 1692e(10));

d) Communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the debt.  Plaintiff sent a cease and desist letter to Plaintiff on or around March 2, 2009.  Defendant received the letter on

March 3, 2009 as established by the USPS certified mail database.  Despite

receipt of this request, Defendant continued to contact Plaintiff, including

calling her cell phone on March 11, 2009 (§ 1692c(c)).

5.      As a result of the above violations of the FDCPA, Plaintiff suffered and

continues to suffer personal humiliation, embarrassment, mental anguish and

emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual

damages, statutory damages, and costs and attorney's fees.

6.      As a result of the above statutory violations, Plaintiff suffered and continues

to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental

anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's

actual damages, exemplary damages, statutory damages, and costs and attorney's

fees.

## SECOND COUNT
## VIOLATION OF THE TEXAS DEBT COLLECTION PRACTICES ACT

7.      Plaintiff reincorporates by reference herein all prior paragraphs above.

8.      Defendant violated the Texas Debt Collection Practices Act in one or more

of the following ways:

   a) Threatening to take action that is prohibited by law including threatening to

      file a lawsuit against Plaintiff repeatedly for several months without doing

so, thereby evidencing a lack of intent to take such action in violation of Tex Fin Code § 392.304(a)(8);

b) Using false representation or deceptive means to collect a debt. Some time in the preceding 12 months, Defendant told Plaintiff that a "judgment is pending," where a lawsuit had not been filed in violation of Tex. Fin. Code §392.304(a)(19); and

c) Was otherwise deceptive and failed to comply with the Fair Debt Collection Practices Act.

9.     As a result of Defendant's violations as aforesaid, Plaintiff suffered a substantial disruption in her daily routine thus warranting an award of emotional and/or mental anguish damages.

10.     Defendant's aforementioned statutory violations also constitute an invasion of Plaintiff's right to privacy, causing additional injury to Plaintiff's feelings, mental anguish and distress.

11.     As a result of the above statutory violations and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, exemplary damages, statutory damages, and costs and attorney's fees.

## THIRD COUNT
## VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

12.     Plaintiff reincorporates by reference herein all prior paragraphs above.

13.     This suit is brought, in part, under the authority of Tex. Bus. & Com. Code § 17.41 *et seq.*, commonly known as the Deceptive Trade Practices and Plaintiffs Protection Act and cited in this petition as the "DTPA".

14.      Defendant was given notice in writing of the claims made in this Petition more than sixty days before this suit was filed in the manner and form required by DTPA §17.505 (a).

15.      Defendant made numerous material misrepresentations in an attempt to collect the purported debt as detailed above.

16.     Defendant knew or should have known that its representations were false and/or acted in reckless disregard for the truth or falsity of its representations.

17.     Defendant's actions were done maliciously and in willful, wanton and reckless disregard for the rights of the Plaintiff.

18.     Defendant's actions as detailed above constitute a violation of the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41.

19.     The conduct described above has been and is a producing and proximate cause of damages to Plaintiff.   Plaintiff's damages include: Actual/economic damages, emotional and/or mental anguish damages, exemplary/punitive damages, and Plaintiff's attorneys' fees and costs.

20.     Additionally, Plaintiff seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendant's conduct is found to have been committed intentionally.

21.     Plaintiff seeks reasonable and necessary attorney's fees in this case through the time judgment is entered and for any post-trial or post-judgment appeals, to be detailed through a statement of services submitted at the appropriate time.

## FOURTH COUNT
## COMMON LAW INVASION OF PRIVACY BY INTRUSION

22.     Plaintiff reincorporates by reference herein all prior paragraphs above.

23.     Defendant's aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy in the context of Defendant's actions that was objectively reasonable under the circumstances.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendant be cited to appear and answer herein and upon final hearing hereof, Plaintiff have judgment of and against Defendant as follows:

(a)     a declaratory judgment be entered that Defendant's conduct violated the FDCPA;

(b)     an award of actual damages;

(c)     an award of statutory damages pursuant to 15 U.S.C. § 1692k;

(d)     an award of costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

(e)     a declaratory judgment be entered that Defendant's conduct  violated the Texas deceptive Trade Practices Act;

(f)     an award for all actual damages, exemplary damages, emotional/mental anguish damages, all attorneys fees, costs of court, and pre-judgment and post-judgment interest at the highest lawful rates.

(g)     seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendant's conduct is found to have been committed intentionally.

(h)     such other and further relief as may be just and proper.

Respectfully submitted,


By: /s/Susan Landgraf
Susan Landgraf
SD # 15824
Texas State Bar # 00784702
Attorney in Charge for Plaintiffs

WEISBERG & MEYERS, L.L.C.
108 E. 46th Street
Austin, TX 78751
Phone: (512) 436-0036 ext. 116
Facsimile: (866) 317-2674


## CERTIFICATE  OF SERVICE


I certify that on December 14, 2009, I electronically filed the foregoing document
with the clerk of the U.S. District Court, Southern District of Texas, Houston
Division, using the electronic case filing system of the court.


/s/  Susan A. Landgraf
 SUSAN A. LANDGRAF